UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>JEFFREY KRESS,<br><br>　　　　　　　　　　Defendant. | Case No.:  17cr840 JM<br><br>**ORDER ON DEFENDANT'S MOTION TO RECONSIDER HIS MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. 3582(c)(1)(A)** |

Pending before the Court is Defendant Jeffrey Kress's Motion for Reconsider[ation] of His Motion for Compassionate Release Under 18 U.S.C. 3582(C)(1)(A).  (Doc. No. 59.) Upon careful review of the pleadings submitted and after considering the applicable factors provided, IT IS HEREBY ORDERED that the motion is **denied**.

**I.　　Background**

On September 21, 2018, Mr. Kress pled guilty to Possession of Methamphetamine with the Intent to Distribute, in violation of 21 U.S.C. § 841(a)(1).  He was sentenced to 60 months imprisonment and 4 years of supervised release. (*See* Doc. No. 50.)  Mr. Kress is currently living at Behavioral Systems Southwest (Orion House), a halfway house in Van Nuys, California. (*See* Doc. No. 58.)  On October 19, 2020, this court denied Mr. Kress's initial request for compassionate release but made the non-binding recommendation that the Bureau of Prisons ("BOP") transfer Mr. Kress to home confinement for the final six months of his custodial sentence because of his medical

conditions. (Doc. No. 57 at 7.) Mr. Kress is set to be released on supervised release on April 10, 2021.

On December 18, 2020, Mr. Kress, through counsel, renewed his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), citing continuing health concerns caused by the outbreak of COVID-19. (*See* Doc. No. 58.) The court set a briefing schedule on Defendant's motion. (Doc. No. 59.) The Government filed a Response in Opposition to the Motion on January 4, 2021 and Mr. Kress filed a Reply, (Doc. No. 61).

## II.   Legal Standard

Generally, a court may not correct or modify a prison sentence once it has been imposed, unless expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003). Mr. Kress seeks modification of his sentence under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

The First Step Act allows courts, upon considering the applicable factors set forth in section 3553(a), to determine whether "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  The commentary to § 1B1.13 lists four circumstances that qualify as "extraordinary and compelling reasons": (A) medical condition of the defendant; (B) age of the defendant; (C) family circumstances; and (D) "Other Reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 n.1.

## III.   Discussion

Mr. Kress asks the court to modify his sentence to time served with a condition of supervised release be that he serve four months of home confinement. He maintains that staff at the halfway house submitted paperwork to get him approved for placement in home confinement with electronic monitoring on November 11, 2020 but have not received a

response from the BOP. (Doc. No. 58 at 2.) Mr. Kress, who is 53 years old, argues that his history of heavy smoking, his lung condition – pulmonary fibrosis, and an immunodeficiency condition – old granulomatous disease, place him at heightened risk of severe illness and death from COVID-19. (*Id*. at 2, 7.) Mr. Kress contends that the cramped conditions at Orion House make it impossible to properly social distance. (*Id*. at 2, 5.) Further, he claims that new residents transferring from prisons around the country make him nervous because COVID-19 is widespread within the BOP population. (*Id*. at 2, 8-10.) Additionally, to support his claim, Mr. Kress cites two reported positive COVID-19 cases among the residents of Orion House and the ongoing quarantining of dorms at the residence. (*Id.* at 2, 6.) Lastly, Mr. Kress emphasizes that, upon his release, he would be at home caring for his elderly mother who suffers from the early stages of dementia. (*Id.* at 2-4.) In sum, Mr. Kress argues, cumulatively, these factors present extraordinary and compelling circumstances warranting his release from home confinement under the "other reasons" provision of U.S.S.G . § 1B1.13. cmt. n. 1(D).

The Government opposes Mr. Kress's request, arguing; (1) the positive COVID-19 cases at Orion House should not alter this court's analysis; (2) Mr. Kress's medical circumstances have not changed and do not qualify as extraordinary and compelling reasons for release; (3) Mr. Kress's desire to care for his elderly mother does not constitute as an "extraordinary and compelling" reason for relief under 18 U.S.C. § 3582(c)(1)(A) and; (4) this court does not have authority to direct the BOP to place Defendant in home confinement. (Doc. No. 60.)

As the court detailed in its earlier order, the court is satisfied that Mr. Kress is at heightened risk of serious illness from COVID-19 because of his smoking and might be at increased risk of serious illness from the virus due to his pulmonary fibrosis. *See* Doc. No. 57 at 4. *See also* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. However, the court declines to consider the issue of Mr. Kress's purported old granulomatous disease in its analysis because he has

not submitted any documentation in the way of medical records to substantiate the existence of this condition.

Mr. Kress has dedicated pages to explaining the rapid spread of COVID-19 within the entire BOP population yet minimizes the fact that Orion House has 1 reported active case of COVID-19, 8 recovered cases of COVID-19 amongst inmates, and zero cases have been reported amongst staff members.  *See* https://www.bop.gov/coronavirus/ (last visited January 26, 2021).  Similarly, he notes the inconvenience of having a dorm placed under quarantine when a resident is suspected of having the virus while overlooking the fact that the halfway house is taking necessary steps to contain the spread of the virus and protect its residents from exposure.  Thus, the court is not persuaded that the present conditions at Orion House are so dire, or have materially changed in such a way, that they would constitute extraordinary or compelling reasons sufficient to warrant release under § 3582 (c)(1)(A)(i).

And, while the court is sympathetic to his mother's personal health issues, he is not her sole caregiver, and this is not a condition that supports his claim of an extraordinary and compelling reason for release.  *See* U.S.S.G. § 1B1.13, cmt. n.1(C).

Further, the court continues to stand by its earlier determination regarding the applicable § 3553(a) sentencing factors.  *See* 18 U.S.C. § 3553(a).  Mr. Kress's attempt to negotiate the conditions of the remaining term of sentence by offering to modify the terms of conditions of his supervised release to include a period of home confinement is ill-advised.  The court finds that any reduction of Mr. Kress's 60-month custodial sentence would diminish the goals of sentencing.

### IV.   Conclusion

For the reasons set forth above, the motion to reconsider Mr. Kress's motion for compassionate release 18 U.S.C. 3582(C)(1)(A) is **DENIED**.  However, the court once again makes the non-binding recommendation to the BOP that, because of Mr. Kress's medical conditions, he be transferred to home confinement for the remaining months of his custodial sentence.  It is this court's hope that this recommendation will be favorably

considered, especially since it is now buttressed by the Orion House staff's similar recommendation.

IT IS SO ORDERED.

Dated: January 29, 2021

*[signature]*
Hon. Jeffrey T. Miller
United States District Judge